IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

USMAN CHAUDHRY,

Plaintiff,

v.

TOWNSHIP OF WASHINGTON.
WASHINGTON POLICE DEPARTMENT.
DETECTIVE MATTHEW LAUDENSLAGER
individually and in his official capacity as a
detective for Washington Police Department,
JOSEPH BROOKS, individually. and in his official
capacity as assistant prosecutor for TOWNSHIP
OF WASHINGTON OFFICER WILFREDO
MATOS individually and in her official capacity as
an officer for Washington Police Department,
Washington Police Department, AUGUST
SANTORE in his personal capacity and
official capacity as owner of SANTORE LAW,
THOMAS DOOLEY, in his personal capacity and
official capacity as an associate of
SANTORE LAW, BROOKS & BERNE LLC
MARTIN WHITCRAFT, individually. and
in his official capacity for TOWNSHIP OF
WASHINGTON, CHRISTOPHER KOUTSOURIS
and in his official capacity for TOWNSHIP OF
WASHINGTON; ALISSA MOSER, individually
and in his official capacity as Municipal Court
Administrator, WILLIAM MICHELSON
individually and in his official capacity as
an employee for NJ OFFICE OF ATTORNEY
ETHICS, NJ STATE OFFICE OF ATTORNEY
ETHICS, RICHARD BENNET individually
and in his official capacity as councilman for
TOWNSHIP OF WASHINGTON , "JOHN DOES
1-500", individually and in their official
capacity as public employee for Washington
Township, CHIEF "PAT GURCSIK", individually
and in his official capacity as a chief police officer
for Washington Police Department, SERGEANT

Civil Action No.

**RECEIVED**

MAY 29 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**JURY TRIAL DEMANDED**

1

"ANDREW NICHOLS", individually and in his
official and supervisory capacities as a police
officer for Washington Police Department;
OFFICER JESSICA WALTON individually and
in her official capacity as an officer for Washington
Police Department, OFFICER CHRISTINE
SCHMIDT, individually and in her official
capacity as an officer for Washington Police
Department, OFFICER NICHOLAS SCHMIDT,
individually and in her official capacity as an
officer for Washington Police Department,
OFFICER MORGAN LOIODICE, individually
and in her official capacity as an officer for
Washington Police Department, OFFICER
JUSTIN INMAN, individually and in her official
capacity as an officer for Washington Police
Department, OFFICER JOHN HAMILTON,
individually and in her official capacity as an
officer for Washington Police Department,
OFFICER ALYSSA ARNOLD, individually
and in her official capacity as an officer for
Washington Police Department, OFFICER
PAUL CROZER, individually
and in her official capacity as an officer for
Washington Police Department, OFFICER
TYLER KELLY individually
and in her official capacity as an officer for
Washington Police Department,
OFFICER CHRIS LEADBEATER, individually
and in her official capacity as an officer for
Washington Police Department, JOSEPH
DIBUONAVENTURA individually
and in her official capacity as an officer for
Washington Police Department, OFFICER
"JOHN DOES 1-100", individually and in their
official capacity as a police officer for
Washington Police Department, JOHN DOES
1-5000", individually and in their official
capacity as a public employees for
Washington Township

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Usman Chaudhry for his Complaint against Defendants.
WASHINGTON POLICE DEPARTMENT; TOWNSHIP OF WASHINGTON; PATROL
OFFICER "MATTHEW LAUDENSLAGER", individually and in his official capacity as a
police officer for Washington Police Department; CHIEF "PAT GURCSIK", individually
and in his official capacity as a chief police officer for Washington Police Department,
SERGEANT "ANDREW NICHOLS", individually and in his official and supervisory capacities
as a police officer for Washington Police Department; OFFICER JESSICA WALTON
individually and in her official capacity as an officer for Washington Police Department,
OFFICER CHRISTINE SCHMIDT, individually and in her official capacity as an officer for
Washington Police Department, OFFICER NICHOLAS SCHMIDT, individually and in his
official capacity as an officer for Washington Police Department, JOSEPH BROOKS,
individually. and in his official capacity as assistant prosecutor for TOWNSHIP
OF WASHINGTON, OFFICER WILFREDO MATOS individually and in her official capacity
as an officer for Washington Police Department, Washington Police Department, AUGUST
SANTORE in his personal capacity and official capacity as owner of SANTORE LAW,
THOMAS DOOLEY, in his personal capacity and official capacity as an associate of
SANTORE LAW in its personal capacity and official capacity as a corporation doing business in
the state of New Jersey, BROOKS & BERNE LLC in its personal capacity and official capacity as
a corporation doing business in the state of New Jersey, MARTIN WHITCRAFT, personally,
individually. and in his official capacity as an employee for TOWNSHIP OF WASHINGTON,
CHRISTOPHER KOUTSOURIS in his personal capacity and in his official capacity as an
employee for TOWNSHIP OF WASHINGTON; ALISSA MOSER, individually in her personal

3

capacity and in her official capacity as Municipal Court Administrator and in her official

capacity as an employee for TOWNSHIP OF WASHINGTON, WILLIAM MICHELSON

individually and in his official capacity as an employee for NJ OFFICE OF ATTORNEY

ETHICS, NEW JERSEY STATE OFFICE OF ATTORNEY ETHICS, RICHARD BENNET

individually and in his official capacity as councilman for TOWNSHIP OF WASHINGTON ,

"JOHN DOES 1-500", individually and in their official capacity as public employee for

Washington Township, CHIEF "PAT GURCSIK", individually and in his official capacity as a

chief police officer for Washington Police Department, SERGEANT "ANDREW NICHOLS",

individually and in his official and supervisory capacities as a police officer for Washington

Police Department; OFFICER JESSICA WALTON individually and in her official capacity as

an officer for Washington Police Department, OFFICER CHRISTINE SCHMIDT, individually

and in her official capacity as an officer for Washington Police Department, OFFICER

NICHOLAS SCHMIDT, individually and in her official capacity as an officer for Washington

Police Department, OFFICER MORGAN LOIODICE, individually and in her official capacity

as an officer for Washington Police Department, OFFICER JUSTIN INMAN, individually and

in her official capacity as an officer for Washington Police Department, OFFICER JOHN

HAMILTON, individually and in her official capacity as an officer for Washington Police

Department, OFFICER ALYSSA ARNOLD, individually and in her official capacity as an

officer for Washington Police Department, OFFICER PAUL CROZER, individually

and in her official capacity as an officer for Washington Police Department, OFFICER

TYLER KELLY individually and in her official capacity as an officer for Washington Police

Department, OFFICER CHRIS LEADBEATER, individually and in her official capacity as an

officer for Washington Police Department, JOSEPH DIBUONAVENTURA individually

and in her official capacity as an officer for Washington Police Department, OFFICER

"JOHN DOES 1-100", individually and in their official capacity as a police officer for

Washington Police Department, JOHN DOES 1-5000", individually and in their official

capacity as a public employees for Washington Township, hereby states and respectfully

alleges as follows:

## NATURE OF ACTION

1. This is a lawsuit seeking declaratory, injunctive and monetary relief against the
Township of Washington, Washington Township Police Department, and Defendant Officers,
Does 1 through 20 and named and unnamed Defendants for unconstitutional and racially-based,
discrimination, denial of numerous basic civil rights, detention, seizure. search, excessive force,
and assault. Upon information and belief which will likely have support after a reasonable
opportunity for discovery, the Township of Washington Police Department has a policy and
practice of targeting certain individuals based principally on their perceived race or ethnicity,
stopping and detaining these certain individuals for frivolous and then subjecting them to unlawful
detentions and searches in an attempt to create or fabricate criminality.

2. In the manner described herein, Defendants, and Bystander Officers, acting under
color of law, terrorized, stopped, detained, seized and searched, and assaulted Plaintiff,
without reasonable suspicion or probable cause and under circumstances where no
reasonable police officer would have believed that the plaintiff had engaged in any unlawful
conduct.

3.  The conduct of the Defendants is repugnant to basic notions of human dignity, not to mention violative of CHAUDHRYs' constitutional rights. The banality of the police interaction here— gratuitous abuse during a routine medical emergency—only highlights the urgency of holding law enforcement accountable in this case. There was no "tense, uncertain, and rapidly evolving situation" in which the officer had to make a "split-second judgment." about how much force to use. If law enforcement cannot resist using excessive force and aggressive policing tactics against a Black man or minority when circumstances are **safe** and **easy**, the situation is virtually certain to turn **tragic** when the call is more difficult. On the day of the incident, which was proven to have **NOT** been started by CHAUDHRY, the law was clear. The constitution was clear and basic human rights are clear. Yet, the Defendants violated Plaintiff, Chaudhry's constitutional rights anyway and countless other officers stood by watching as Chaudhry's rights were violated doing nothing to intervene despite having every reasonable opportunity to do so.

4.  The township of Washington (the "WASHINGTON") which employs these officers should also be held accountable for its failure to train and supervise them with respect to a procedure as routine and frequent as the unlawful of a person with a medical condition or injury in non-exigent circumstances—a situation the WASHINGTON could fully expect its officers to encounter numerous times over the course of their careers. Yet this failure is no wonder, given the WASHINGTON's track record of failing to discipline its officers when they use excessive force—including, in a haunting echo of the George Floyd murder, when an officer's "heavy leather tactical boot was on [a victim's] neck." Consistent with that pattern,

6

WASHINGTON could not be bothered to investigate use of excessive force and appears to have a long-established indifference to holding any of their own accountable for their actions.

5. The unnecessary and abusive use of force and violation of constitutional rights in this case, the indifference with which the dignity and basic medical needs of a citizens of color were regarded, and Washington's deliberate failure to train, supervise and discipline such conduct reinforce a history of distrust between the police and the communities they are charged to serve and protect. This leaves citizens—especially people of color like CHAUDHRY—fearful of seeking assistance from the police, even when they are the wronged party. Accountability is necessary to restore this trust. Excessive force is no less unconstitutional when it results from abusive handcuffing as opposed to the end of a pistol or a knee to the neck. A colored man in America should not have to die before justice can be served.

6. Defendants' actions were intentional and violated the Eighth, Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1981, 1983, and 1985 as well as violating the United States Constitution and common law protections afforded to all of its citizens regardless of race.

7. In addition to seeking compensatory and punitive damages, Plaintiff seeks declaratory and injunctive relief requiring Defendants to desist from and remedy their illegal **race-based practices** and constitutional rights violations.

7

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over the federal claims concerning violations of the Eighth Fourth and Fourteenth Amendments and 42 U.S.C. § 1985(3). This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the related claims under state law.

7.   Venue is proper in this judicial district under 28 U.S.C. § 1391, because the events giving rise to this civil action occurred in this judicial district.

8.   This Court has personal jurisdiction over Defendant Township of Washington, a municipality within the Commonwealth of New Jersey, and over all individual Defendants because they reside in the Commonwealth of New Jersey and they are employed by the Township of Washington, a municipality within the Commonwealth of New Jersey.

## THE PARTIES

1.   The true names and capacities of the defendants sued as "Does" are unknown to the plaintiffs. Plaintiffs are informed and believe and thereon allege that such defendants are in some manner legally responsible for each of the acts and/or omissions causing the claimed damages. The identities of the John Doe defendants will be determined after a reasonable opportunity for discovery. At all times relevant to this Complaint said defendants were acting under color of law and in their official capacities as police officers for the WASHINGTON Township Police Department. Said defendants are sued in their individual and official

capacities.

2. Plaintiff, USMAN CHAUDHRY, (hereinafter referred to as "CHAUDHRY"), is is an individual with addresses at **1992 Morris Ave, #235 Union**, NJ 07083, County of Union and State of New Jersey who is a dark-skinned minority and law abiding US citizen.

3. Defendant, OFFICER MATTHEW LAUDENSLAGER, (hereinafter referred to as "LAUDENSLAGER") individually and in his official capacity as detective for Washington Police Department. "LAUDENSLAGER" is a detective of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "LAUDENSLAGER" in his supervisory, official, and individual capacities.

4. Defendant, MARTIN WHITCRAFT, (hereinafter referred to as "WHITCRAFT") is an employee of the Township of Washington and serves as a Township Washington municipal court judge

5. Defendant, CHRISTOPHER KOUTSOURIS (hereinafter referred to as "KOUTSOURIS") is an employee of the Town of Washington and serves as a Washington municipal court prosecutor.

6. Defendant, JOSEPH BROOK, (hereinafter referred to as "BROOK") is an employee of the Town of Washington and serves as a Washington municipal court assistant prosecutor.

7. Defendant, AUGUST SANTORE (hereinafter referred to as "SANTORE") is the principal and owner of SANTORE LAW and is listed as the policy holder for General

9

Liability Policy No.

8.  Defendant, THOMAS DOOLEY, (hereinafter referred to as "DOOLEY") is an individual employed in the capacity of an ASS()CIATE for Defendant, SANTORE LAW.

9.  Defendant, SANTORE LAW LLC, (hereinafter referred to as "SANTORE LAW") is a limited liability corporation with offices located at 143 Summit Ave, Berkeley Heights, NJ, 07922

10. Defendant, GARDEN STATE PROFESSIONAL INSURANCE AGENCY (hereinafter referred to as "GARDEN STATE") is a professional liability insurance company with principal offices at P.O Box 463, Tennet, NJ 07763

11. Washington Township Police Chief, PAT GURCISK  individually and in his official capacity as a chief police officer for Washington Police Department. "GURCISK" is Chief of WASHINGTON Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of WASHINGTON at all relevant times. This action asserts claims against GURCISK in his supervisory, official, and individual capacities.

12. Defendant, SERGEANT ANDREW NICHOLAS, (hereinafter referred to as "NICHOLAS") individually and in his official capacity as detective for Washington Police Department. "NICHOLAS" is a sergeant of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "NICHOLAS" in his supervisory, official, and individual capacities.

10

1.  Defendant, PATROL OFFICER WILFREDO MATOS, (hereinafter referred to as "MATOS") individually and in his official capacity as officer for Washington Police Department. "MATOS" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "MATOS" in his supervisory, official, and individual capacities.

2.  Defendant, SERGEANT CHRIS LEADBEATER, (hereinafter referred to as "LEADBEATER") individually and in his official capacity as sergeant for Washington Police Department. "LEADBEATER" is a sergeant of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "LEADBEATER" in his supervisory, official, and individual capacities.

12. Defendant, OFFICER  JESSICA WALTON, (hereinafter referred to as "WALTON") individually and in his official capacity as officer for Washington Police Department. "WALTON" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "WALTON" in his supervisory, official, and individual capacities.

13. Defendant, OFFICER CHRISTINE SCHMIDT, (hereinafter referred to as "SCHMIDT") individually and in his official capacity as officer for Washington Police Department. "SCHMIDT" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of

Washington at all relevant times. This action asserts claims against "SCHMIDT" in his supervisory, official, and individual capacities.

14. Defendant, OFFICER NICHOLAS SCHMIDT, (hereinafter referred to as "SCHMIDT") individually and in his official capacity as officer for Washington Police Department. "SCHMIDT" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "SCHMIDT" in his supervisory, official, and individual capacities.

15. Defendant, OFFICER MORGAN LOIODICE, (hereinafter referred to as "LOIODICE") individually and in his official capacity as officer for Washington Police Department. "LOIODICE" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "LOIODICE" in his supervisory, official, and individual capacities.

16. Defendant, PATROL OFFICER JUSTIN INMAN, (hereinafter referred to as "INMAN") individually and in his official capacity as officer for Washington Police Department. "INMAN" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "INMAN" in his supervisory, official, and individual capacities.

17. Defendant, OFFICER JOHN HAMILTON, (hereinafter referred to as "HAMILTON") individually and in his official capacity as officer for Washington Police Department. "HAMILTON" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "HAMILTON" in his supervisory, official, and individual capacities.

18. Defendant, OFFICER PAUL CROZIER, (hereinafter referred to as "CROZIER") individually and in his official capacity as officer for Washington Police Department. "CROZIER" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "CROZIER" in his supervisory, official, and individual capacities.

19. Defendant, OFFICER ALYSSA ARNOLD, (hereinafter referred to as "ARNOLD") individually and in his official capacity as officer for Washington Police Department. "ARNOLD" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts claims against "ARNOLD" in his supervisory, official, and individual capacities.

20. Defendant, OFFICER TYLER KELLY, (hereinafter referred to as "KELLY") individually and in his official capacity as officer for Washington Police Department. "KELLY" is an officer of Washington Police Department and acted in a supervisory capacity and as an agent, servant, and employee of the Town of Washington at all relevant times. This action asserts

claims against "KELLY" in his supervisory, official, and individual capacities.

21. Defendant, ALISSA MOSER, (hereinafter referred to as "MOSER") individually and in his official capacity as a municipal court administrator and as an employee of the Township of Washington and the Township of Washington municipal court

22. Defendant, PETER DEL BORRELLO, (hereinafter referred to as "BORRELLO") is an employee of the Town of Washington and serves as Township of Washington Council President.

23. Defendant, DONALD BROWN, (hereinafter referred to as "BORRELLO") is an employee of the Town of Washington and serves as Township of Washington Council Vice President.

24. Defendant, RICHARD BENNETT, (hereinafter referred to as "BENNETT") is an employee of the Town of Washington and serves as Township of Washington Councilman.

25. Defendant, JOSEPH HARRIS, (hereinafter referred to as "HARRIS")is an employee of the Town of Washington and serves as Township of Washington Councilman.

26. Defendant, JOHNSON YERKES, (hereinafter referred to as "YERKES")is an employee of the Town of Washington and serves as Township of Washington Councilman.

27. The Defendants, Officer Does 1 through 100, were at all times relevant to this complaint, employed, duly appointed, and acting as sworn police officers for the Township of Washington, and were at all time acting under the color of law and pursuant to the policies, customs and/or usages of the Township of Washington. Said defendants are sued individually. and/or in their official capacity.  Defendant, Officers Does 1 through 9, participated in or acted as bystander officers in alleged violations.

28. The Defendants, "JOHN DOES 1-5000", individually and in their official capacity as a public employees for Washington Township, were at all times relevant to this complaint, employed, duly appointed, and acting as sworn public servants for the Township of Washington and were at all times acting the direction and control of WASHINGTON and pursuant to the policies, customs and/or usages of the Township of Washington. Said defendants are being sued individually.and/or in their official capacity.  Defendant, John Does 1 through 500, participated in, failed to act, report, ignored cover up and  acted as bystanders in alleged violations.

29. Defendant, WASHINGTON TOWNSHIP (hereinafter referred to as "WASHINGTON") is a municipality duly organized and existing under the laws of the Commonwealth of New Jersey with the ability to sue and be sued within the State of New Jersey. Defendant, WASHINGTON, at all times pertinent and relevant to this action employed all Defendants, Including OFFICER "MATTHEW LAUDENSLAGER", individually and in his official capacity as a  police officer for Washington Police  Department; POLICE CHIEF "PAT GURCSIK", JOSEPH BROOKS, individually. and in his official capacity as assistant prosecutor for TOWNSHIP OF WASHINGTON,  OFFICER WILFREDO  MATOS individually and in his

official capacity as an officer for Washington Police Department, SERGAENT ANDREW
NICHOLS", individually and in his official and supervisory capacities as a police officer for
Washington Police Department, OFFICER JESSICA WALTON individually and in his
official capacity as an officer for Washington Police Department, OFFICER CHRISTINE
SCHMIDT, individually and in her official capacity as an officer for Washington Police
Department, OFFICER NICHOLAS SCHMIDT, individually and in her official capacity as an
officer for Washington Police Department, OFFICER MORGAN LOIODICE, individually
and in her official capacity as an officer for Washington Police Department, OFFICER
JUSTIN INMAN, individually and in her official capacity as an officer for Washington Police
Department, OFFICER JOHN HAMILTON, individually and in her official capacity as an
officer for Washington Police Department, OFFICER ALYSSA ARNOLD, individually
and in her official capacity as an officer for Washington Police Department, OFFICER
PAUL CROZER, individually and in her official capacity as an officer for Washington Police
Department, OFFICER TYLER KELLY individually and in her official capacity as an officer for
Washington Police Department, OFFICER CHRIS LEADBEATER, individually and in her
official capacity as an officer for Washington Police Department, JOSEPH
DIBUONAVENTURA individually and in her official capacity as an officer for
Washington Police Department, OFFICER "JOHN DOES 1-100", individually and in their
official capacity as a police officer for  Washington Police Department, JOHN DOES
1-5000", individually and in their official  capacity as a public employee for Washington
Township

16

30. Defendant, WASHINGTON, is responsible for the hiring, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Washington Police Department and its officers, including all Defendants. As such, Defendant, WAHINGTON was the final policy maker for the Washington Police Department in the areas of law enforcement and training, supervision, and discipline of police officers.

31. Defendant, William Michelson is an individual based out of Plainfield, NJ and at all times relevant to this complaint employed by the Office of Attorney Ethics. William Michelson has a record of prior allegations of racial misconduct and has continued to engage in this **racist and prejudicial misconduct** in this matter.

32. Defendant, Office of Attorney Ethics, is responsible for the hiring, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of Defendant, William Michelson and the Office of Attorney Ethics.

33. Washington Police Department and its officers, including all Defendants.

34. Defendants are liable jointly, severally, and in solido for the intentional, excessive, and otherwise unconstitutional and tortious conduct set forth below:

## **FACTUAL ALLEGATIONS**

1. On May 22, 2023, Plaintiff, Chaudhry, was pulled for an alleged traffic stop by Defendant, LAUDENSLAGER of the Washington Police Department.

2.  Plaintiff, Chaudhry maintains an exemplary driving record prior to this alleged incident and has not been in any at fault accidents in his entire life.

3.  Regardless, Plaintiff, Chaudhry was unlawfully ordered to get out of the vehicle and stand on the side of the road with oncoming traffic for **no reason other than the color** of Plaintiff, Chaudhry's skin.

4.  Defendants, LAUDENSLAGER had no reason to even demand a Field Sobriety Test in violation of the US Constitution. Civil Rights Act of 1964 Title VI, 42 U.S.C. § 2000d et seq.

5.  Defendant, LAUDENSLAGER, aggressively demanded that Plaintiff, Chaudhry consent to having   his basic constitutional rights violated and agree to consent to engage in a **voluntary** Field Sobriety Test.

6.  Plaintiff, Chaudhry vehemently refused to consent to and engage in a voluntary Field Sobriety Test on the side of the road with oncoming traffic.

7.  Plaintiff, Chaudhry, promptly invoked his Fifth Amendment Constitutional Right which provides Plaintiff, Chaudhry the "protection against **self-incrimination**, and the **right to remain silent**"

8.  Upon Plaintiff, Chaudhry invoking constitutionally protected right and engaging in the exercise of basic civil rights, Officer LAUDENSLAGER forcibly arrested and immediately engaged in the unlawful use of force on  Chaudhry causing substantial personal injury.

9.  Plaintiff, Chaudhry, sustained numerous injuries as a result of Defendants' negligence.

18

10. Plaintiff, Chaudhry was denied medical care at the traffic site and in police custody in violation of U.S federal law, while **screaming for assistance**.

11. Defendants had a federal obligation to provide Plaintiff medical attention at the traffic site and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

12. Defendants had a federal obligation to provide Plaintiff medical attention while in police custody and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

13. Defendants had a federal obligation to provide Plaintiff medical attention and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

14. Time-stamped hospital records submitted to the courts show Plaintiff, Chaudhry, had a Blood Alcohol Content **of less than 0.001** and  **NO DRUGS.**

15. Despite substantial evidence to the contrary, Defendant, Officer LAUDENSLAGER falsified numerous police reports in attempt to create criminality where none existed and willfully cover up substantial misconduct, violations of US Federal law and a pattern of substantial pattern criminal activity by himself and other named Defendants.

16. Defendant, Officer LAUDENSLAGER willfully and knowingly acted to withhold exculpatory evidence and falsify official records in violation of the Fourteenth Amendment of the United States Constitution.

17. The substantial incident above is only one of many for the Defendants. The named

Defendants in this action have continued to engage in a pattern of criminal activity.

18. Defendants, Washington Police Department has a long history of misconduct, civil rights violations and **allegations of engaging criminal activity**.

19. In another incident, Washington Township Police Officer Joseph DiBuonaventura, "had a personal motivation" to lie about the arrest and apprehension of a public WASHINGTON TOWNSHIP ASSEMBLYMEN.

20. Washington Townhip Police Officer DiBuonaventura was indicted on 14 criminal counts in the Moriarty case.

21. Falsifying records and lying in official reports and proceedings appears to be standard operating procedure for the DEFENDANTS who have been engaged in **rampant** misconduct and criminal activity.

22. In another incident, Defendant, "BORRELLO", "BROWN," "BENNETT", "HARRIS", "YERKES" are employees of the Town of Washington and serve as Township of Washington Councilman.

23. Defendant, "BENNETT" is a councilman for the Township of Washington being accused of engaging in Fraud, public corruption and criminal activity.

24. Defendant, "BORRELLO", "BROWN", "HARRIS", "YERKES" are serving as Township of Washington Councilman and have failed to take any action against BENNET for his alleged criminal actions.

20

25. Even under the most basic discovery, Plaintiff, CHAUDHRY is confident that he will be able to uncover numerous more allegations of misconduct, fraud, abuse, public corruption and criminal activity by the DEFENDANTS.

26. Plaintiff CHAUDHRY. retained Defendants, SANTORE LAW, AUGUST, "DOOLEY" to assist in Plaintiff, CHAUDHRY to obtain justice for violations of CHAUDHRY's fundamental civil rights **ON VIDEO.**

27. Instead, Defendants, SANTORE LAW, AUGUST, "DOOLEY" have conspired with "WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP to further deprive CHAUDHRY of his fundamental constitutional rights and cover up the criminal actions of the DEFENDANTS.

28. Defendants, SANTORE LAW LLC, AUGUST SATNORE, THOMAS DOOLEY failed to have even <u>ONE complaint dismissed</u> with a report of a 0.0 B.A.C blood draw administered by WASHINGTON police and full audio recordings of the incident in an effort to cover up deliberate misconduct and cover up criminal activity in violation of local state and United States Federal Law.

29. SANTORE LAW, AUGUST, "DOOLEY" have conspired with "WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP to cover up substantial criminal activity and substantial

violations of United States Federal Law in order to deprive CHAUDHRY of his fundamental civil rights.

30. This outright blatant criminal conduct by Defendants, SANTORE LAW, AUGUST, "DOOLEY" along with "WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP resulted in the filing of formal grievances against SANTORE LAW, AUGUST AND DOOLEY.

31. A substantial number of formal merit-based ethics grievances  were filed against the DEFENDANTS including but not limited to SANTORE LAW, AUGUST, "DOOLEY" "WHITCRAFT", KOUTSOURIS, BROOKS along with Defendants.

32. However, Defendant, William Michelson,  an individual based out of Plainfield, NJ and at all times relevant to this complaint employed by the Office of Attorney Ethics has refused to take any action on the complaints or even investigate them as he is required.

33. Furthermore,  William Michelson admits to having made a judgment on this matter **PRIOR** to having seen any evidence or even engaging in any investigation.

34. This is based on  racial bias as CHAUDHRY is an underrepresented minority and DEFENDANTS are Caucasian.

35. William Michelson has an established  record of prior allegations of racial misconduct and has continued to engage in this **racist and prejudicial misconduct** in this matter.

22

36. Defendant, Office of Attorney Ethics, is responsible for the hiring, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of Defendant, William Michelson, an individual with a **prior record** of allegations of racial misconduct and an individual who continues racial bias, racial discrimination, professional misconduct and criminal activity.

37. Defendant, Office of Attorney Ethics has failed to do so.

### FIRST CAUSE OF ACTION
### Racketeer Influenced and Corrupt Organizations Act (RICO)
### 18 U.S. Code §§ 1961-68
### (As to Defendants)

38. Plaintiff, CHAUDHRY re-alleges and incorporates by reference each and every allegation contained in the above paragraphs of this Complaint.

39. All parties named in this suit or later identified in discovery voluntarily and intentionally acted to engage in, conspire to, and cover up substantial criminal activity.

40. Not only did the Defendants, collectively, attempt to deny, engage in, conspire to and cover up criminal activity, including fraud, racism, discrimination, abuse, public corruption, misconduct, unethical behavior, etc, the Defendants, also devised and participated in a scheme to defraud and deprive Plaintiff, CHAUDHRY, of basic fundamental civil rights and engage in substantial violations of United States Federal Law

41. From at least January 2015 and continuing up to and including the date of the filing of this compliant, in the District of New Jersey, and elsewhere, Defendants, and others known and unknown, including but not limited to John Does 1-5000. and Does 1-100, constituted an "enterprise," as that term is defined in 18 U.S.C. § 1961(4); that is, a group of business entities and individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce (the "Enterprise").

42. The Enterprise functioned as a continuing unit with discrete and known participants sharing the same goal through unlawful means of violating US Federal law, engaging in misconduct, collectively, attempting to deny, engaging in, conspiring to and cover up criminal activity, including fraud, racism, discrimination, abuse, public corruption, misconduct, unethical behavior, etc generating illicit and ill-gotten financial gains, obtaining personal and professional benefits, targeting and going after dissenters and soliciting customers for the enterprise.

43. On information and belief, Defendants, and Defendants' senior leadership acted as the leaders of the Enterprise, along with Does 1-5000 and Does 1-100 providing assistance. These members of the Enterprise communicated via electronic mail and/or other electronic means in furtherance of their common scheme. This Enterprise continues today.

44. From at least January 2015 and continuing up to and including the date of the filing of this compliant, in the District of New Jersey, and elsewhere, Defendants, and others known and unknown, including but not limited to Does 1-5000 and Does 1-100, being persons employed by and associated with the Enterprise described above, did unlawfully, knowingly, and intentionally conduct and participate, directly and indirectly, in the conduct, management, and operation of the

24

affairs of the Enterprise, which engaged in, and the activities of which affected interstate and foreign commerce, through a pattern of racketeering activity consisting of numerous acts of racketeering indictable under 18 U.S.C. §§ 1343 and 1349 (wire fraud and conspiracy to commit the same) and 18 U.S.C. § 1832 , in violation of 18 U.S.C. §1962.

45. On multiple occasions, Defendants, and others known and unknown, including but not limited to Does 1-5000 and Does 1-100, participated in the affairs of the Enterprise by engaging in acts of wire fraud and conspiracy to commit wire fraud, to further the Enterprise's objectives of generating a profit by any means necessary including engaging in criminal activity. Specifically, in multiple instances, Defendants conspired to defraud and defrauded Plaintiff, CHAUDHRY by working with collectively with each other to engage in criminal activity as well as deprive Plaintiff CHAUDHRY, of his fundamental basic civil rights, using wires in interstate and foreign commerce, in violation of the duties of loyalty, trust and confidence that Defendants. owed to CHAUDHRY, in violation of 18 U.S.C. §§ 1343 and 1349.

46. Moreover, on multiple occasions, Defendants, collectively  and others known and unknown, including but not limited to Does 1-5000  and Does 1-100, participated in the affairs of the Enterprise by engaging in theft of financial assets, to further the Enterprise's objectives.

47. Specifically, on multiple occasions, with intent to convert criminal activity and false allegations, to their own economic benefit, and intending and knowing that the offense would, injure Plaintiff CHAUDHRY and other plaintiffs, Defendants., and others known and unknown, including but not limited to Does 1-5000  and Does 1-100, including agents and employees of

Defendants, knowingly

(1) stole, or without authorization appropriated, took, carried away, and concealed, and by fraud, artifice, and deception obtained such information;

(2) without authorization copied, duplicated, sketched, drew, photographed, downloaded, uploaded, altered, destroyed, photocopied, replicated, transmitted, delivered, sent, mailed, communicated, and conveyed such information; and

(3) received, bought, and possessed such information and financial gain, knowing the same to have been stolen and appropriated, obtained, and converted without authorization; and attempted and conspired to do the same, all in violation of 18 U.S.C. § 1832.

48. The enterprise engaged in numerous unlawful, overt, predicate acts to create an illegal

pattern of racketeering, which included, but is not limited to,

1.) collectively, attempt to deny, engage in, conspire to and cover up criminal activity, including fraud, racism, discrimination, abuse, public corruption, misconduct, unethical behavior, etc, the Defendants, also devised and participated in a scheme to defraud and deprive Plaintiff, CHAUDHRY, of basic fundamental civil rights and engage in substantial violations of United States Federal Law

2.) This pattern of racketeering has been ongoing since at least approximately November 2015 and continues to this day, thereby posing a threat of continued criminal activity. Indeed, Defendants predicate acts are so numerous and pervasive that they constitute an open-ended scheme and are part of the normal course of how Defendants regularly conducts business.

49. Each of the predicate acts perpetrated by Defendants, Does 1-5000 and Does 1-100.,

in furtherance of the racketeering scheme was related to the others and was performed while

participating in the conduct of the affairs of the enterprise identified above in violation of 18

U.S.C. § 1962(c).

50. As a direct and proximate result of the pattern of racketeering activity, by and through

each of the unlawful acts recited herein, Plaintiff, CHAUDHRY has been injured in its individual, business and property, including, but not limited to, deprivation of fundamental civil rights, financial loss, etc, Plaintiff, CHAUDHRY, of basic fundamental civil rights and engage in substantial violations of United States Federal Law

51. The Defendants, collectively, did so with the clear intent to defraud and did so by using interstate communications and falsifying official records, documents and evidence, and destroying email records, communications, and other evidentiary records which documented this misconduct.

52. As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.

## SECOND CAUSE OF ACTION
### Civil Rights Act of 1964
### Title VI, 42 U.S.C. § 2000d et seq.

53. Plaintiff, Chaudhry maintains an exemplary driving record prior to this alleged incident and has not been in any at fault accidents in his entire life.

54. Regardless, Plaintiff, Chaudhry was unlawfully ordered to get out of the vehicle and stand on the side of the road with oncoming traffic for **no reason other than the color** of Plaintiff, Chaudhry's skin.

27

55. Defendants, LAUDENSLAGER had no valid reason to order Plaintiff, CHAUDHRY out of his vehicle other **than the color** of Plaintiff, Chaudhry's skin.

56. Defendants, LAUDENSLAGER had no reason to even demand a Field Sobriety Test in violation of the US Constitution. Civil Rights Act of 1964 Title VI, 42 U.S.C. § 2000d et seq.

57. As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.

### THIRD CAUSE OF ACTION
### (Violation of Fourth and Fourteenth Amendments:
### False Arrest & Detainment pursuant to 42 U.S.C. § 1983)

58. Plaintiff, CHAUDHRY realleges and incorporates each and every allegation contained in the preceding paragraphs.

59. At all relevant times, Defendants, "WASHINGTON POLICE DEPARTMENT", "LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers were employed by the Township of WASHINGTON and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

60. The Defendants "WASHINGTON POLICE DEPARTMENT", "LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100," and Bystander Officers detained CHAUDHRY for hours while CHAUDHRY was in need of medical care. Furthermore, the Defendants did not have any cause to arrest CHAUDHRY, while CHAUDHRY was engaged in a constitutionally protected activity.

61. By unlawfully detaining Plaintiff, CHAUDHRY, the Defendants WASHINGTON

POLICE DEPARTMENT", "LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100,"

JOHN DOES 1-5000"and Bystander Officers deprived CHAUDHRY of his clearly established

rights under the Fourth and Fourteenth Amendments to be free from illegal seizure.

62. As a direct and proximate cause of such acts, Defendants, WASHINGTON POLICE

DEPARTMENT", "LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100," JOHN

DOES 1-5000"and Bystander Officers deprived CHAUDHRY of his Fourth and Fourteenth

Amendment rights, in violation of 42 U.S.C. § 1983.

63. As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.


### THIRD CAUSE OF ACTION

**42 U.S.C. § 1983 - Right to Due Process in violation of
the Fourth and Fourteenth Amendment**

64. CHAUDHRY realleges and incorporates each and every allegation contained in the

preceding paragraphs.

65. Defendants, SANTORE LAW, AUGUST, "DOOLEY" have conspired with

"WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE

and WASHINGTON TOWNSHIP to further deprive CHAUDHRY of his fundamental

constitutional rights and cover up the criminal actions of the DEFENDANTS.

66. Defendants, SANTORE LAW, AUGUST, "DOOLEY" have conspired with "WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP to further deprive CHAUDHRY of his fundamental constitutional rights and cover up the criminal actions of the DEFENDANTS by knowingly filing false statements, tampering with official records, violating United States Federal Law, engaging in a torrent number of attorney ethics rules, and failing to disclose material facts and records.

67. Defendants, SANTORE LAW LLC, AUGUST SATNORE, THOMAS DOOLEY have conspired with "WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP failed to have even ONE complaint dismissed with a report of a 0.0 B.A.C blood draw administered by WASHINGTON police and full audio recordings of the incident in an effort to cover up deliberate misconduct and cover up criminal activity in violation of local state and United States Federal Law.

68. SANTORE LAW, AUGUST, "DOOLEY" have conspired with "WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP to cover up substantial criminal activity and substantial violations of United States Federal Law in order to deprive CHAUDHRY of his fundamental civil rights.

69. This outright blatant criminal conduct by Defendants, SANTORE LAW, AUGUST, "DOOLEY" along with "WHITCRAFT", KOUTSOURIS, BROOKS,

LAUDENSLAGER, WASHNINGTON POLICE and WASHINGTON TOWNSHIP
resulted in the filing of formal grievances against SANTORE LAW, AUGUST AND DOOLEY.

70. A substantial number of formal merit-based ethics grievances were filed against the
DEFENDANTS including but not limited to SANTORE LAW, AUGUST, "DOOLEY"
"WHITCRAFT", KOUTSOURIS, BROOKS along with Defendants.

71.  At the time of this filing, Defendants, SANTORE LAW, AUGUST, "DOOLEY,"
"WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE
and WASHINGTON TOWNSHIP have failed to report the numerous violations of United States
Federal Law, New Jersey State Law, NJ Attorney ethics violations, etc. despite having a legal
and ethical responsibility to do so.

72. As a direct and proximate cause of such acts, Defendants, WASHINGTON POLICE
DEPARTMENT", "LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100," JOHN
DOES 1-5000", SANTORE LAW, AUGUST, "DOOLEY" have conspired with
"WHITCRAFT", KOUTSOURIS, BROOKS, LAUDENSLAGER, WASHNINGTON POLICE
WASHINGTON TOWNSHIP and Bystander Officers deprived CHAUDHRY of his Fourth and
Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

73. As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.

31

## FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Delay and Denial of Medical Care in violation of the Fourth and Fourteenth Amendment

74. Plaintiff, Chaudhry sustained injury at the traffic site as a result of the Defendants, outright negligence and incompetence. Plaintiff, Chaudhry was denied medical care at the traffic site and in police custody in violation of U.S federal law, while **screaming for assistance**.

75. Defendants had a federal obligation to provide Plaintiff medical attention at the traffic site and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

76. Defendants had a federal obligation to provide Plaintiff medical attention while in police custody and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

77. Defendants had a federal obligation to provide Plaintiff medical attention and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

78. As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Eighth Amendment
### Cruel and Unusual Punishment

79. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

80. . 42 U.S.C. § 1983 provides that:

> the Eighth Amendment's prohibition on cruel and unusual punishment are
> interconnected, particularly in the context of prison conditions and inmate
> treatment. Section 1983 allows individuals to sue for violations of their
> constitutional rights, including those guaranteed by the Eighth Amendment.

81. Plaintiff, Chaudhry sustained injury at the traffic site as a result of the Defendants,
outright negligence and incompetence. Plaintiff, Chaudhry was denied medical care at the traffic
site and in police custody in violation of 42 U.S.C. § 1983 – Eighth Amendment - Cruel and
Unusual Punishment, while **screaming for assistance**.

82. Defendants had a federal obligation to provide Plaintiff medical attention at the traffic
site and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance,
mercy and compassion.

83. Defendants had a federal obligation to provide Plaintiff medical attention while in police
custody and failed to do so, while Plaintiff, Chaudhry, was begging and screaming for assistance,
mercy and compassion.

84. Plaintiff, Chaudhry, sustained numerous injuries as a result of Defendants' negligence
and retaliatory conduct for invoking and exercising his fundamental basic civil rights.

85. Defendants had a federal obligation to provide Plaintiff medical attention and failed to do
so, while Plaintiff, Chaudhry, was begging and screaming for assistance, mercy and compassion.

86. As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.

## SIXTH CAUSE OF ACTION
## 42 U.S.C. § 1983 – Unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment

### VIOLATION #1

87. Plaintiff, CHAUDHRY, realleges and incorporates each and every allegation contained in the preceding paragraphs.

88. At all relevant times, Defendants WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers were employed by the Town of WASHINGTON and acted "under color of state law" within the meaning of 42 U.S.C. §1983.

89. Defendants WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers deprived CHAUDHRY of his right to be free from illegal search, without any probable cause of criminality or reasonable suspicion that CHAUDHRY was armed and dangerous, by searching his person.

90. Defendants WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers deprived CHAUDHRY of his right to be free from illegal

search by searching CHAUDHRY's vehicle.

## VIOLATION #2

91. Defendants, WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS," JOHN DOES 1-5000"and Bystander Officers seized Plaintiff, CHAUDHRY's driver's license from Plaintiff CHAUDHRY's body without any suspicion that any crime had ever occurred.

92. Defendants. WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS," OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers could have intervened to stop the violation but failed to do so. Defendant, WASHINGTON POLICE DEPARTMENT","LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers were present at the scene of the violation of CHAUDHRY constitutional rights.

93. Defendants WASHINGTON POLICE DEPARTMENT","LAUDENSLAGER," "MATOS," OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers jointly and severally, deprived Mr. Chaudhry of clearly established rights secured to him under the United States Constitution— specifically the Fourth Amendment rights to be free from unreasonable seizures and to be free from the use of excessive force against one's person.

35

94. Defendants' conduct was the moving force and the proximate and producing cause of the aforementioned injuries.

95. Due to the injuries suffered by CHAUDHRY, he is entitled to compensatory, economic, and consequential damages, in amounts to be determined at trial. As a further result of Defendants' unlawful conduct, CHAUDHRY has incurred special damages, including expenses related to the disability caused by his injuries. He may continue to incur other expenses and other special damages, in amounts to be established at trial.

96. CHAUDHRY is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

97. In depriving CHAUDHRY of his rights under the United States Constitution, Defendants, WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS," OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers jointly and severally, deprived Mr. Chaudhry of clearly established rights secured to him under the United States Constitution— acted under color of law in their respective capacities as WASHINGTON police officers, and their actions and omissions were conducted within the scope of their respective official duties or employment. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

## SEVENTH CAUSE OF ACTION
### (Violation of Fourteenth Amendment:
### Equal Protection pursuant to 42 U.S.C. § 1983)

98. CHAUDHRY, realleges and incorporates each and every allegation contained in the preceding paragraphs.

99. At all relevant times, Defendants, WASHINGTON POLICE, LAUDENSLAGER MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers jointly and severally, were employed by the Town of WASHINGTON and acted "under color of state law" within the meaning of 42 U.S.C. § 1983

100. Defendants, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers detained, illegally, searched, falsely arrested, assaulted and unjustly treated  CHAUDHRY solely on account of his race.

101.If CHAUDHRY had been white, the officers would not have treated him in the manner in which they did, or with the disrespect or force with which they did.

102.Defendants, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers developed and pursued an invented a theory of

CHAUDHRY'S criminality based on the fact that CHAUDHRY appears to be BLACK and is a darker toned minority.

103. The history of bias-based policing in WASHINTON and across America supports the claim that the officers acted intentionally and with bias against CHAUDHRY.

104. As a direct and proximate cause of such acts, Defendants WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers violated 42 U.S.C. § 1983 by violating his Fourteenth Amendment right to equal protection under the laws.

## EIGHTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Failure to Train and Supervise
### (As to Defendants Township of Washington, Washington Police Department, Washington Fire Department, EMS and Defendants)

105. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

106. WASHINGTON Fire Department is a department within the Township of WASHINGTON, a named Defendant in this case.

107. At all times relevant to this action, Defendant Township of WASHINGTON had policy making authority and otherwise controlled the training and supervisory practices of the

38

Defendants WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT,
TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT
GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN
DOES 1-5000"and Bystander Officers, WASHINGTON Police Department, WASHINGTON
Fire Department and WASHINGTON EMS Department.

108. At the time of this filing and nearly a year after **alleged** injury in an ambulance of
Defendant, WASHINGTON TOWNSHIP, WASHINGTON Police Department,
WASHINGTON Fire Department and WASHINGTON EMS Department, there has been **NO
investigation or even inquiry** made into the details of the situation.

109. At minimum, Defendant WASHINGTON Fire Department should have been aware that
an alleged suicide, which actually an alleged homicide, occurred in one of their ambulances.
WASHINGTON Fire Department at a minimum had a legal responsibility to conduct a full
investigation and determine the full details of what occurred.

110.Defendants, collectively and WASHINGTON, WASHINGTON POLICE,
Township should have known that WASHINGTON Fire Department EMS would be placed in
such a recurrent situation.

111.    Upon information and belief, emergency responders employed by Defendant
WASHINGTON Township have a history of numerous complaints related to abusive and
misconduct. This pattern of violations made plainly obvious the need for training and
supervising ems techs.

112.Defendant WASHINGTON Township's policies, practices, oversight and customs of
39

failing to train and supervise WASHINGTON Township Fire and EMS Department officers were

the moving force and the proximate and producing cause of CHAUDHRY's injuries.

113.Due to the injuries suffered by CHAUDHRY, he is entitled to compensatory, economic,

and consequential damages, in amounts to be determined at trial. As a further result of

Defendants' unlawful conduct, CHAUDHRY has incurred special damages, including expenses

related to the disability caused by his injuries. He may continue to incur other expenses and

other special damages, in amounts to be established at trial.

114. Plaintiff, CHAUDHRY is further entitled to attorneys' fees and costs pursuant to 42

U.S.C.§ 1988, pre-judgment interest and costs as allowable by federal law.

115.In depriving Plaintiff, CHAUDHRY of his rights under the United States Constitution,

Defendant WASHINGTON Township acted under the color of law in its capacity as a municipal

entity organized under the laws of New Jersey, and its actions and omissions were conducted

within the scope of Defendant WASHINGTON's official duties. This deprivation under color of

law is actionable and may be redressed by 42 U.S.C. § 1983.

## TENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Failure to Discipline
### (As to Defendant Township of Washington)

116.Plaintiff CHAUDHRY, hereby incorporates by reference all other paragraphs of this

Complaint as if fully set forth herein.

117.At all times relevant to this action, Defendant WASHINGTON Township had

policymaking authority with respect to the disciplinary practices of the DEFENDANTS,
WASHINGTON POLICE LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF
WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK",
SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-
5000"and Bystander Officers

118.Defendant WASHINGTON Township and the WASHINGTON Police Department have
a *de facto* custom of failing to discipline police officers who engage in misconduct or use
excessive force.

119.Publicity regarding WASHINGTON Police Department officers' corruption and
misconduct and constitutional rights violation put Defendant WASHINGTON Township on
actual or constructive notice of the constitutional violations resulting from its *de facto* custom of
failing to discipline officers for using excessive force.

120. In this case, Defendant WASHINGTON Township had such actual or constructive
notice because CHAUDHRY filed a formal complaint describing Defendants, WASHINGTON
POLICE LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON,
KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW
NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers
substantial misconduct and criminal action being used against CHAUDHRY.

121. Defendant WASHINGTON Township failed to discipline any Defendant misconduct or
criminal conduct against CHAUDHRY.

122. Defendant WASHINGTON Township adopted official policies, practices and customs that provided for the failure to supervise and discipline WASHINGTON Police Department officers when they engage in criminal conduct.

123. Defendant WASHINGTON Township WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers accordingly acted with deliberate indifference to the clearly established rights secured to CHAUDHRY under the United States Constitution, specifically the 42 U.S.C. § 1983 – Failure to Discipline

## ELEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 – Failure to Train and Supervise
### (As to Defendants Washington Police Department and Washington Township)

124.Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

125. The WASHINGTON Police Department is a department within the Township of WASHINGTON, a named Defendant in this case.

126. At all times relevant to this action, Defendant WASHINGTON Township had policy making authority and otherwise controlled the training and supervisory practices of the WASHINGTON Police Department.

42

127. Defendant WASHINGTON Township has a policy, practice and custom of failing to train and supervise police officers with respect to a clear constitutional duty implicated in a recurrent situation that police officers are certain to face—*i.e.*, the routine of only using excessive force as justified and not against law abiding civilians who pose no threat or risk of flight and who, to the knowledge of the officer, are suffering from a medical condition that will be aggravated by use of unnecessary force.

128. Defendant WASHINGTON Township should have known that WASHINGTON Township Police Department officers would be placed in such a recurrent situation. Defendant WASHINGTON should have known that, in such a situation, its officers have a clear constitutional duty to misconduct, avoid excessive force by unlawfully detaining a injured citizen. Defendant WASHINGTON Township should have known that its officers would lack the legal knowledge necessary to avoid the application of excessive force in that situation without training and supervision, including on the issue of handcuffing otherwise- cooperative citizens with medical injuries made known to the supervising officer.

129. Upon information and belief, officers employed by Defendant WASHINGTON Township have a history of numerous complaints related to abusive and corruptive policing tactics. This pattern of violations made plainly obvious the need for training and supervising officers on how to avoid using excessive force during routine calls and use de-escalation techniques.

130.Through the adoption of this policy, practice and custom of failing to train and supervise its police officers to prevent the use of excessive force, Defendant WASHINGTON

43

Township acted with deliberate indifference to the clearly established rights secured to

CHAUDHRY under the United States Constitution, specifically the Fourth Amendment rights to

be free from unreasonable seizures and the use of excessive force against one's person.

133. By engaging in acts of constitutional rights violations against CHAUDHRY that

resulted in injuries to his person, Defendants WASHINGTON Township WASHINGTON

POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON,

KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW

NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers

was acting pursuant to, and within the scope of, Defendant WASHINGTON Township's

policies, practices and customs of failing to train and supervise WASHINGTON Township

Police Department officers.

134. By failing to intervene to prevent acts of excessive force and constitutional

rights violations against CHAUDHRY that resulted in injuries to his person, Defendant

Bystander Officers were acting pursuant to, and within the scope of, Defendant

WASHINGTON's policies, practices and customs of failing to train and supervise

WASHINGTON Township Police Department officers.

135. Defendant WASHINGTON Township's policies, practices and customs of failing

to train and supervise WASHINGTON Township Police Department officers were the moving

force and the proximate and producing cause of CHAUDHRY's injuries.

136. Due to the injuries suffered by CHAUDHRY, he is entitled to compensatory, economic,

and consequential damages, in amounts to be determined at trial.

137. As a further result of Defendants' unlawful conduct, CHAUDHRY has incurred special damages, including expenses related to the disability caused by his injuries. He may continue to incur other expenses and other special damages, in amounts to be established at trial.

138. CHAUDHRY is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

139. In depriving CHAUDHRY of his rights under the United States Constitution, Defendant WASHINGTON Township acted under color of law in its capacity as a municipal entity organized under the laws of New Jersey, and its actions and omissions were conducted within the scope of Defendant WASHINGTON's official duties. This deprivation under color of law is actionable and may be redressed by 42 U.S.C. § 1983.

**TWELTH CAUSE OF ACTION**
**(Violation of 42 U.S.C. § 1983: Civil Rights Conspiracy pursuant**
**to 42 U.S.C. § 1983)**

140. CHAUDHRY realleges and incorporates each and every allegation contained in the preceding paragraphs.

141. At all relevant times, Defendants, WASHINGTON Township, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON,

KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW

NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers

were employed by the Town of Salem and acted "under color of state law" within the meaning of

42 U.S.C. § 1983.

142. Defendants, WASHINGTON Township, WASHINGTON POLICE,

LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON,

KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW

NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers

acted in concert to conspire to falsely arrest and use excessive force against CHAUDHRY,

inflicting a wrong against him.

143. Defendants, WASHINGTON Township, WASHINGTON POLICE,

LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON,

KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW

NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers took

overt acts to carry out their conspiracy by strangling CHAUDHRY and treating him roughly.

144. Defendants, WASHINGTON Township, WASHINGTON POLICE, 13

LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON,

KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW

NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers'

fixation on proving CHAUDHRY's nonexistent criminality, despite all evidence to the

contrary, further demonstrates the existence of the conspiracy.

145. As a direct and proximate cause of such acts. Defendants, WASHINGTON Township, WASHINGTON POLICE,  LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500",  CHIEF "PAT GURCSIK", SERGEANT  "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers  violated 42 U.S.C. § 1983 by conspiring to harm Plaintiff, CHAUDHRY.

## THIRTEENTH CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1983: Municipal Liability)

146. CHAUDHRY realleges and reincorporates each and every allegation contained in the preceding paragraphs.

**147.** At all relevant times, Defendants, WASHINGTON Township, WASHINGTON POLICE,  LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500",  CHIEF "PAT GURCSIK", SERGEANT  "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers served as employees of Defendant Town of Salem, and they acted in accordance with a policy or custom of Defendant Town of Salem.

148. Despite the need for adequate training for police officers responding to routine traffic stops and basic fundamental civil rights, Defendant Township of WASHINGTON  has maintained, and continues to maintain, a policy of providing inadequate training for police officers.

47

149. At all relevant times, Defendant Town of WASHINGTON knew or should have known that there was a need for such training.

150. The training currently provided by Defendant Town of WASHINGTON is inadequate and discriminatory, because it results in bias-based policing, civil rights violations, excessive use of force, and reckless publication of defamatory statements.

151. Defendant Town of WASHINGTON's policy of providing inadequate and discriminatory training for police officers proximately caused the harms to CHAUDHRY in violation of 42 U.S.C.§ 1983.

## FOURTEENTH CAUSE OF ACTION
### (Supervisory Liability)

152. CHAUDHRY realleges and reincorporates each and every allegation contained in the prior paragraphs.

153. By unlawfully seizing CHAUDHRY, using excessive force against CHAUDHRY, committing equal protection violations against CHAUDHRY, and conspiring to violate his civil rights, Defendants, WASHINGTON Township, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers violated CHAUDHRY's

constitutional rights.

154. At all relevant times, Defendant CHIEF "PAT GURCSIK was the head of Salem PD, supervised Defendants, WASHINGTON Township, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers

155. At all relevant times, Defendant CHIEF "PAT GURCSIK was the head of Salem PD, supervised Defendants, WASHINGTON Township, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers

156. Defendants, WASHINGTON Township, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers' deliberate indifference and negligent failure to provide adequate training to and supervision of their employees was a direct and proximate cause of the violation of CHAUDHRY's rights.

157. Defendants, WASHINGTON Township, WASHINGTON POLICE, LAUDENSLAGER, MATOS, WHITCRAFT, TOWNSHIP OF WASHINGTON, KOUTSOURIS, , "JOHN DOES 1-500", CHIEF "PAT GURCSIK", SERGEANT "ANDREW NICHOLS", OFFICER "JOHN DOE 1-100," JOHN DOES 1-5000"and Bystander Officers'

deliberate indifference have created liability for damage and injuries incurred by Plaintiff, CHAUDHRY.

## FIFTEENTH CAUSE OF ACTION

### 18 U.S. Code § 1343 - Fraud by wire, radio, or television

158. All parties named in this suit or later identified in discovery voluntarily and intentionally acted to engage in, conspire to, and cover up substantial criminal activity.

159. Not only did the Defendants, collectively, attempt to deny, engage in, conspire to and cover up criminal activity, including fraud, racism, discrimination, abuse, public corruption, misconduct, unethical behavior, etc, the Defendants, also devised and participated in a scheme to defraud and deprive Plaintiff, CHAUDHRY, of basic fundamental civil rights and engage in substantial violations of United States Federal Law

160. From at least January 2015 and continuing up to and including the date of the filing of this compliant, in the District of New Jersey, and elsewhere, Defendants, and others known and unknown, including but not limited to John Does 1-5000. and Does 1-100, devised and participated in a scheme to defraud Plaintiff, CHAUDHRY, by destroying emails, communications and other evidentiary records which documented this misconduct from Plaintiff, CHAUDHRY.

161.The Defendants, collectively have done so with the **clear intent to defraud** and did so by **using interstate communications** and destroying email records, communications, and other evidentiary records which documented this misconduct.

162. The Defendants' conduct, outlined above in this complaint, is a clear violation of 941.18 U.S.C. 1343—Elements of Wire Fraud 32.

163 As a result thereof, Plaintiff, CHAUDHRY, has sustained severe damage.

## **PRAYER FOR RELIEF:**

**WHEREFORE,** Plaintiffs request monetary damages and injunctive and/or other

equitable relief against defendants and each of them as follows:

**WHEREFORE,** CHAUDHRY requests that this court:

a.  Award compensatory damages of $5,000,000 against Defendants;
    TOWNSHIP OF WASHINGTON, WASHINGTON POLICE
    DEPARTMENT

b.  Award compensatory damages of $500,000 each against each
    Defendant, JOSEPH BROOKS, MARTIN WHITCRAFT,
    CHRISTOPHER KOUTSOURIS,

c.  Award compensatory damages of $500,000 against Defendants;
    SANTORE, SANTORE LAW, THOMAS DOOLEY,
    BROOKS & BERNE LLC

d.  Award compensatory damages of $200,000 against Defendant,
    TOWNSHIP OF WASHINGTON OFFICER MATTHEW
    LAUDENSLAGER

e.  Award compensatory damages of $200,000 against Defendant;
    TOWNSHIP OF WASHINGTON OFFICER WILFREDO
    MATOS

f.  Award compensatory damages of $100,000 against remaining named
    And unnamed Defendants

g.  Award compensatory damages of $75,000 each against each of the
    remaining known and unknown Defendants; named in this civil action.

h.  Award punitive damages against Defendants TOWNSHIP OF
    WASHINGTON, WASHINGTON POLICE DEPARTMENT

i.  Award punitive damages against Defendants JOSEPH BROOKS, MARTIN
    WHITCRAFT, CHRISTOPHER KOUTSOURIS, SANTORE, SANTORE
    LAW, THOMAS DOOLEY, BROOKS & BERNE LLC, TOWNSHIP OF
    WASHINGTON OFFICER MATTHEW LAUDENSLAGER, TOWNSHIP
    OF WASHINGTON OFFICER WILFREDO MATOS

j. Award injunctive relief against all Defendants, including Township of Washington, Washington Township Police Department

k. Award the cost of this action, including reasonable attorney's fees; and

l. Award any such other relief as this Court may deem necessary and appropriate.

Respectfully submitted this 10th day of February, 2022.
s/ *USMAN CHAUDHRY*

Usman Chaudhry
1992 Morris Ave Suite 235
Union, NJ 07083
uchaudhry67@yahoo.com

RECEIVED

MAY 29 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

53