UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**USMAN CHAUDHRY**,

    Plaintiff,

    v.

**TOWNSHIP OF WASHINGTON**, *et al.*,

    Defendants.

Civil Action No. 1:25-cv-6099 (CPO-EAP)

**ORDER**

---

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court by way of a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Township of Washington, Washington Police Department, Detective Matthew Laudenslager, Officer Wilfredo Matos, Chief Pat Gurcsik, Sergeant Andrew Nichols, Officer Jessica Walton, Officer Christine Schmidt, Officer Nicholas Schmidt, Officer Morgan Loiodice, Officer Justin Inman, Officer John Hamilton, Officer Alyssa Arnold, Officer Paul Crozer, Officer Tyler Kelly, Officer Chris Leadbeater, Joseph Dibuonaventura, Joseph Brooks, Martin Whitcraft, Christopher Koutsouris, Alissa Moser, and Richard Bennet (collectively, the "Washington Township Defendants" or "Defendants") (ECF No. 9); and

**WHEREAS,** the Court has reviewed the Defendants' Motion and Plaintiff's opposition thereto (ECF No. 10); and

**WHEREAS**, Plaintiff's Complaint alleges a litany of claims related to a May 22, 2023 traffic stop which he claims was unlawful, racially motivated and based upon no legitimate reason, (Compl., ECF No. 1 at ¶¶ 1, 3). Plaintiff claims he was "forcibly arrested" and subject to an "unlawful use of force causing [him] substantial personal injury" (*Id*. at ¶ 8) and for which he was

denied appropriate medical care (*Id*. at ¶ 10). Plaintiff further claims that Officer Laudenlsager willfully and knowingly withheld exculpatory evidence (*Id*. at ¶ 16); and

**WHEREAS**, Plaintiff alleges the following claims: Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S. 1961 *et seq*. (Count One); Civil Rights Act of 1964, Title VI, 42 U.S.C. Sect. 200d *et seq*." (Count Two); various claims under 42 U.S.C. 1983 including violations of the Fourth and Fourteenth Amendments, false arrest and detainment, due process violations, delay and denial in provision of medical care, cruel and unusual punishment under the Eighth Amendment (Counts Three through Five), unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments (Count Six), violation of equal protection (Count Seven), failure to train and supervise (Count Eight), failure to discipline (Counts Ten and Eleven), civil rights conspiracy (Count Twelve), municipal liability (Count Thirteen), supervisor liability (Count Fourteen); and "Fraud by wire, radio, or television" under 18 U.S.C. § 1343 (Count Fifteen); and

**WHEREAS**, Plaintiff claims that the Township Police Department has a "long history of misconduct, civil rights violations and allegations of engaging [in] criminal activity" (*Id*. at ¶ 18).

**WHEREAS,** to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); and

**WHEREAS,** Counts Two through Fourteen, which allege claims under Title VI and § 1983 and arise from Plaintiff's arrest and alleged mistreatment on May 22, 2023, are governed by New Jersey's two-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022); *Thomas v. Advance Hous., Inc.*, 475 F. App'x 405, 406–07 (3d Cir. 2012). And Plaintiff filed his Complaint on May 29, 2025—more than two

years later. While Plaintiff does not dispute that the statute of limitations therefore bars his claims, Plaintiff invokes the doctrines of equitable tolling, the discovery rule, and fraudulent concealment in his opposition. (Pl.'s Br., ECF No. 10 at 1). But no factual or legal basis for equitable tolling is plausibly pleaded in the Complaint and the arguments in his opposition are largely indiscernible. *See Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014) (explaining equitable tolling requires plaintiff to plead both diligence and extraordinary circumstances). Accordingly, Counts Two through Fourteen are barred by the statute of limitations and dismissed without prejudice. Plaintiff will be granted leave to amend to plausibly allege a factual and legal basis for tolling; and

**WHEREAS**, Count One asserts a civil RICO claim, which requires injury to "business or property." *See* 18 U.S.C. § 1964(c); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 804 F.3d 633, 638 (3d Cir. 2015). But here Plaintiff alleges personal injury, false arrest, and abuse of process, not harm to business or property. *See Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 100–01 (D.D.C. 2003). Thus, Plaintiff's Complaint fails to state a claim, and this defect is incurable by amendment such that dismissal with prejudice is warranted; and

**WHEREAS**, Count Fifteen fails to state a claim for wire fraud because 18 U.S.C. § 1343 is a criminal statute with no private right of action. *See Shahin v. Del. Fed. Credit Union*, 602 F. App'x 50, 53 n.3 (3d Cir. 2015); *Obianyo v. Tennessee*, 518 F. App'x 71, 72 (3d Cir. 2013); and

**NOW, THEREFORE, IT IS** on this <u>21st </u>day of <u>August</u>, 2025,

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**; and it is further

**ORDERED** that Counts Two through Fourteen of the Complaint are **DISMISSED WITHOUT PREJUDICE;** and it is further

**ORDERED** that Counts One and Fifteen are **DISMISSED WITH PREJUDICE**; and it

3

is finally

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint as to Counts Two through Fourteen that complies with the Local Civil Rules and which specifically contains allegations so as to plead a factual basis to invoke any alleged equitable tolling.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**