# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| USMAN CHAUDHRY, | Civil Action No. 1:25-cv-06099-CPO-EAP |
| Plaintiff, |  |
| v. | **Return Date: October 6, 2025** |
| TOWNSHIP OF WASHINGTON, et al., |  |
| Defendants. |  |

---

**BRIEF IN SUPPORT OF DEFENDANTS AUGUST SANTORE, AUGUST N. SANTORE, P.C., AND THOMAS DOOLEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO F.R.C.P. 12(b)(6), 8(a) and 9(b)**

---

**KAUFMAN DOLOWICH, LLP**
25 Main Street, Suite 500
Hackensack, New Jersey 07601
Telephone: (201) 708-8231 (direct)
rberns@kaufmandolowich.com
acasner@kaufmandolowich.com
*Attorneys for Defendants, August Santore, August N. Santore, P.C., and Thomas Dooley*

Robert A. Berns, Esq.
  *Of Counsel & on the Brief*

Adam J. Casner, Esq.
  *On the Brief*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................. ii

PRELMINARY STATEMENT ..............................................................................1

STATEMENT OF FACTS  ...................................................................................3

LEGAL ARGUMENT ..........................................................................................4

### POINT I

PLAINTIFF'S THIRD CAUSE OF ACTION, THIRD CAUSE OF ACTION (SIC), FOURTH CAUSE OF ACTION, FIFTH CAUSE OF ACTION, SIXTH CAUSE OF ACTION, SEVENTH CAUSE OF ACTION, EIGHTH CAUSE OF ACTION, TENTH CAUSE OF ACTION, ELEVENTH CAUSE OF ACTION, TWELFTH CAUSE OF ACTION, AND THIRTEENTH CAUSE OF ACTION ALLEGING VIOLATION OF 42 U.S.C. § 1983 MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO *FED. R. CIV. P. 12b)(6)* BECAUSE DEFENDANTS ARE NOT STATE ACTORS ………….………..4

1.  Standard of Review ..................................................................................4

2.  Plaintiff's 42 U.S.C. § 1983 Claims Fail As Defendants
    Are Not State Actors ................................................................................5

3.  Plaintiff's 42 U.S.C. § 1983 Claims Are Barred
    By The Statute Of Limitations ................................................................7

### POINT II

PLAINTIFF DOES NOT SUFFICIENTLY ALLEGE FACTS SHOWING INJURY TO BUSINESS OR PROPERTY OR OTHER REQUIRED ELEMENTS TO SUPPORT A RICO CLAIM AND THE FIRST CAUSE OF ACTION MUST BE DISMISSED ...............................................................................8

POINT III

THE FIFTEENTH CAUSE OF ACTION ALLEGING VIOLATION OF 18 *U.S.C.* § 1343 AS A CRIMINAL STATUTE WITH NO INDEPENDENT PRIVATE RIGHT OF ACTION MUST BE DISMISSED ……………….…………………12

CONCLUSION ...............................................................................................14

# TABLE OF AUTHORITES

Page(s)

Cases

*Action of Pa. v. Se. Pa. Trans. Auth.,*
  539 F.3d 199 (3d Cir. 2008) ...................................................................................... 8

*Addlespurger v. Corbett,*
  461 F. Appx. 82 (3d Cir. 2012)................................................................................. 13

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .............................................................................................. 4, 5

*Cannon v. Univ. of Chicago,*
  441 U.S. 677 (1979) ............................................................................................... 13

*Citta v. Borough of Seaside Park,*
  2010 WL 3862561,n.3 (D.N.J. Sept. 27, 2010) ........................................................ 8

*Cuchara v. Gai-Tronics Corp.,*
  Civil Action No. 03-6573, 2004 U.S. Dist. LEXIS 11334, at *13 (E.D. Pa. Apr.
  7, 2004), aff'd 129 Fed. Appx. 728 (2005) .............................................................. 4

*De Botton v. Marple Twp.,*
  689 F. Supp. 477 (E.D. Pa. 1988)............................................................................. 8

*Disque v. New Jersey State Police,*
  603 F.3d 181 (3d Cir. 2009) ..................................................................................... 8

*Fowler v. UPMC Shadyside,*
  578 F.3d 203 (3d Cir. 2009) ................................................................................. 4, 5

*Giles v. City of Philadelphia,*
  542 F. App'x 121 (3d Cir. 2013)............................................................................... 9

*Goldfine v. Sichenzia,*
  118 F. Supp. 2d. 392 (S.D.N.Y. 2000)....................................................................11

*Tel. Co.,*
  492 U.S. 229 (1989) ............................................................................................... 12

*Ingram v. Twp. of Deptford,*
  858 F. Supp. 2d 386 (D.N.J. 2012)........................................................................... 5

*Jones v. TD Bank,*
  468 Fed. Appx. 93 (3d Cir. 2012) .......................................................................... 13

*Kehr Packages, Inc., v. Fidelcor, Inc.,*
  926 F.2d 1406 (3d Cir. 1991) .................................................................................11

*Keystone Insurance Co. v. Houghton,*
  863 F.2d 1125 (3d Cir.1988) .................................................................................... 8

*Kriss v. Fayette Cty.*,
  827 F. Supp. 2d 477 (W.D. Pa. 2011) ........................................................................ 9
*Large v. County of Montgomery*,
  307 F. App'x 606 (3d Cir. 2009) .............................................................................. 8
*Liberty Bell Bank v. Rogers*,
  726 F. App'x 147 (3d Cir. 2018) ...............................................................................11
*Mala v. Crown Bay Marina, Inc.*,
  704 F.3d 239 (3d Cir. 2013) ..................................................................................... 5
*McCargo v. Camden County Jail*,
  2014 WL 116329 (D.N.J. Jan. 9, 2014) .................................................................... 5
*Miranda v. Ponce Fed. Bank*,
  948 F.2d 41 (1st Cir. 1991) ..................................................................................... 10
*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d Cir. 1997) ..................................................................................... 4
*Nationwide Mut. Ins. Co. v. Perez*,
  52 F. Supp. 2d 297 (D.P.R. 1999) ........................................................................... 10
*Obianyo v. Tennessee*,
  518 F. App'x 71 (3d Cir. 2013) ............................................................................... 14
*Assur. Co.*,
  668 F. Supp. 204 (S.D.N.Y. 1987) ...........................................................................11
*Podobnik v. U.S. Postal Serv.*,
  409 F.3d 584 (3d Cir. 2005) ..................................................................................... 8
*Ramirez v. ABC News Network*,
  2011 WL 6002911 (D.N.J. Nov. 29, 2011) .............................................................. 5
*Reed v. Scheffler*,
  218 F. Supp. 3d 275 (D.N.J. 2016) ........................................................................... 4
*Sameric Corp. of Delaware, Inc. v. City of Philadelphia*,
  142 F.3d 582 (3d Cir. 1988) ..................................................................................... 8
*Sandutch v. Muroski*,
  684 F.2d 252 (3d Cir.1982) ...................................................................................... 9
*Sedima S.P.R.L. v. Imrex Co., Inc.*,
  473 U.S. 479 (1985) .................................................................................................11
*Shahin v. Del. Fed. Credit Union*,
  602 F. App'x 50 (3d Cir. 2015) .............................................................................. 13
Touche Ross & Co. v. Redington,
  442 U.S. 560 (1979) ............................................................................................... 12
*Williamson v. Michals*,
  2013 WL 4509976 (D.N.J. Aug. 23, 2013) ............................................................ 13
*Wisdom v. First Midwest Bank, of Poplar Bluff*,
  167 F.3d 402 (8th Cir. 1999) .................................................................................. 13

Statutes

18 *U.S.C.* §1341 ............................................................................................ 13
18 *U.S.C.* §1343 ......................................................................... 2, 12, 13, 14
18 U.S.C. §§ 1961-68......................................................................................... 10
42 U.S.C. § 1983 ..................................................................................... Passim
N.J.S.A. 2A:14-2.......................................................................................... 1, 8

Rules

F.R.C.P. 12(b)(6) ....................................................................................... Passim
*Fed. R. Civ. P.* 8(a) ......................................................................................... 2
*Fed. R. Civ. P.* 8(a)(2).................................................................................... 4
*Fed. R. Civ. P.* 9(b) ......................................................................................... 2
*Fed. R. Civ. P. 12b*......................................................................................... 4

## PRELIMINARY STATEMENT

Defendants August Santore, August N. Santore, P.C. (pleaded as Santore Law), and Thomas Dooley (collectively, "Defendants") move to dismiss the Complaint filed by Plaintiff Usman Chaudhry ("Chaudhry" or "Plaintiff") because the allegations of the Complaint fail to set forth cognizable claims as a matter of law against Defendants.  This matter arises out of Plaintiff's disgruntlement with his guilty pleas entered in the Washington Township Municipal Court on August 30, 2023 as a result of Plaintiff's arrest on May 22, 2023 for Title 39 and Title 2C offenses.  Plaintiff's Complaint is nothing more than a Jeremiad of self-inflicted woes for which he seeks to blame the police, municipal authorities and his former criminal defense attorneys for the fact that Plaintiff pleaded guilty in order to conviction on more stringent offenses.  In short, Plaintiff's Complaint lacks any valid factual or legal basis to pursue claims against Defendants and the Complaint should be dismissed with prejudice.

Pursuant to *Fed. R. Civ. P.* 12(b)(6), Plaintiff's complaint fails to state a claim as to these Defendants because Plaintiff's 42 U.S.C. § 1983 claims are limited to state actors not the Defendants, who are private parties, not state actors. Additionally, Plaintiff's § 1983 claims are barred by New Jersey's two-year statute of limitations – N.J.S.A. 2A:14-2 – as the within Complaint was filed on June 25, 2025.

1

Plaintiff's sprawling RICO claim is equally deficient. It alleges an amorphous "enterprise" without identifying a distinct enterprise, a pattern of predicate acts, or a particularized fact as required by *Rule* 9(b) for fraud-based claims. Additionally, RICO permits a civil action based on injury to business or property, not personal injury and Plaintiff's May 22, 2023 arrest was not related in any way to an injury to business or property.  Further, Plaintiff's wire fraud claim fails because 18 *U.S.C.* §1343 does not create a private right of action and fails to preset a cognizable claim against Defendants.

Pursuant to *Fed. R. Civ. P.* 8(a), the Complaint fails to meet the requirements for presenting a pelading showing an entitlement to relief. Pursuant to *Fed. R. Civ. P.* 9(b), the complaint fails to "state with particularity the circumstances constituting fraud." Thus, Plaintiff's Complaint must be dismissed as a matter of law for failure to state a claim and because the claims asserted against Defendants are the antithesis of the pleading requirements in *Fed. R. Civ. P.* 8(a) and 9(b).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

According to the Complaint, Plaintiff was stopped on May 22, 2023, by Washington Township Police Detective Matthew Laudenslager ("Laudenslager") for an alleged traffic violation. See Certification of Robert A. Berns ("Berns Cert."), **Exhibit A** –Complaint.  Plaintiff alleges he was ordered from his vehicle without cause, refused to submit to roadside filed-sobriety testing, invoked his right to remain silent, and was then forcibly arrested, denied medical care at the scene and in custody, and injured during the encounter. See Berns Cert., **Exhibit A**.  Plaintiff further pleads that later-produced hospital records reflected a Blood Alcohol Content ("BAC") of <0.001 and no drugs, and that Laudenslager falsified reports and withheld exculpatory evidence related to the incident. See Berns Cert., **Exhibit A**.

Plaintiff alleges that after the incident he retained Defendants to represent in him in the criminal action arising out of the arrest. See Berns Cert., **Exhibit A**. Plaintiff claims, in conclusory fashion, that Defendants conspired with municipal actors during the aftermath and "failed to have even one complaint dismissed" despite the noted BAC reading and available recordings, and that Defendants filed false statements, tampered with records, and failed to disclose material facts. See Berns Cert., **Exhibit A**.  The Complaint does not identify dates, appearances, or specific acts by Defendant in any criminal or municipal proceeding beyond these generalized assertions. See Berns Cert., **Exhibit A**.

3

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S THIRD CAUSE OF ACTION, THIRD CAUSE OF ACTION (SIC), FOURTH CAUSE OF ACTION, FIFTH CAUSE OF ACTION, SIXTH CAUSE OF ACTION, SEVENTH CAUSE OF ACTION, EIGHTH CAUSE OF ACTION, TENTH CAUSE OF ACTION, ELEVENTH CAUSE OF ACTION, TWELFTH CAUSE OF ACTION, AND THIRTEENTH CAUSE OF ACTION ALLEGING VIOLATION OF 42 U.S.C. § 1983 MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO *FED. R. CIV. P. 12b)(6)* BECAUSE DEFENDANTS ARE NOT STATE ACTORS**

### 1. Standard of Review

A complaint in Federal Court must meet the basic pleading requirements of *Fed. R. Civ. P.* 8(a)(2) and contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. When presented with a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Courts need not credit, however, any conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Cuchara v. Gai-Tronics Corp.*, Civil Action No. 03-6573, 2004 U.S. Dist. LEXIS 11334, at \*13 (E.D. Pa. Apr. 7, 2004), aff'd 129 Fed. Appx. 728 (2005). A Court need not accept "bald assertions." *Reed v. Scheffler*, 218 F. Supp. 3d 275, 279 (D.N.J. 2016). In other words, "conclusory or 'bare-bones' allegations

4

will [not] survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler, supra*, 578 F.3d at 210 (quoting *Ashcroft, supra*, 556 U.S. at 679). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390 (D.N.J. 2012) (quoting *Iqbal, supra*, 129 S. Ct. at 1949). Where (as here) "'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Id. at 211 (quoting *Ashcroft, supra*, 556 U.S. at 679) (citation omitted).

In addition, "while *pro se* pleadings are liberally construed, '*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *McCargo v. Camden County Jail*, 2014 WL 116329, at 1 (D.N.J. Jan. 9, 2014) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Even a *pro se* complaint "must give fair notice of a claim and the grounds upon which it rests." *Ramirez v. ABC News Network*, 2011 WL 6002911, at 1 (D.N.J. Nov. 29, 2011).

## 2. Plaintiff's 42 U.S.C. § 1983 Claims Fail As Defendants Are Not State Actors

Here, Defendants submit that all claims against Defendants set forth in the Complaint must be dismissed under *Fed R. Civ. P.* 12(b)(6) because the Complaint

pleads no facts that, if true, present viable claims against these private actors. With respect to Plaintiff's §1983 claims, the Complaint fails to allege any action or concrete joint conduct by Defendants with state or government actors. As to the remaining theories, it offers only labels and group accusations untethered to a specific act, date, proceeding, or causal link attributable to Defendants. The sparse allegations that Plaintiff attempts to relate to Defendants are generalized and speculative and are not presented with specific facts that constitute a violation of law or breach of duty. Nothing in the Complaint cures these gaps. Even if Plaintiff could amend the Complaint to cure these deficiencies, which he cannot, there is no amendment that would transform Defendants into state actors subject to § 1983. Therefore, the Complaint should be dismissed with prejudice.

Plaintiff's Complaint asserts § 1983 causes of action in the Third, Third (sic), Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action. In each, Plaintiff refers to the ubiquitous label "Defendants" aside from identifying individual defendants in the various identified counts. Only in the second referenced Third Cause of Action does Plaintiff specifically refer to Defendants Santore and Dooley. Regardless of whether Plaintiff's allegations include the generic "Defendants" or Defendants Santore and Dooley, none of Plaintiff's § 1983 claims or civil rights violation claims are cognizable against Defendants Santore and Dooley as they are not state actors. None of the noted causes

6

of action set forth plausible facts that would suffice to subject Defendants, as private actors, subject to § 1983 liability.

Specifically, Count Three[1] of the Complaint, alleging due process violations in violation of the Fourth and Fourteenth Amendments under § 1983, states only that these Defendants conspired with various other defendants to deprive Plaintiff of his constitutional rights and cover up "the criminal actions of the defendants"; that they did so by "knowingly filing false statements, tampering with official records, violating United States Federal Law, engaging in a torrent number of attorney ethics rules, and failing to disclose material facts and records" and failing to have any of the complaints against Plaintiff arising out of the subject arrest dismissed; and that they failed to report further nondescript ethics violations.

### 3. Plaintiff's 42 U.S.C. § 1983 Claims Are Barred By The Statute Of Limitations

There is no independent statute of limitations for asserting a claim under 42 U.S.C. § 1983 in federal court. Rather, "the [forum] state's statute of limitations for personal injury" applies to claims filed under 42 U.S.C. § 1983. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). In New Jersey, the statute of limitations for a civil rights claim under § 1983 is two years.

---

[1] Plaintiff's Complaint is numerically erroneous, containing two causes of action labeled "Count Three." The cause of action specifically naming Defendants is the second of those two causes of action beginning on Page 29 of the Complaint.

*Disque v. New Jersey State Police*, 603 F.3d 181, 189 (3d Cir. 2009) (section 1983);

*Citta v. Borough of Seaside Park*, Civ. No. 09-865 FLW, 2010 WL 3862561, at \*10

n.3 (D.N.J. Sept. 27, 2010) (collecting cases and concluding that two-year statute of

limitations applies to plaintiff's NJCRA claims.), *and see* N.J.S.A. 2A:14-2.

The statute of limitations period begins to run on the accrual date.  For federal

claims brought pursuant to 42 U.S.C. § 1983, the accrual date of the claim is

determined in accordance with federal law. *Disabled in Action of Pa. v. Se. Pa. Trans.*

*Auth.*, 539 F.3d 199, 209 (3d Cir. 2008).  A claim accrues when the facts which

support the claim reasonably should have become known to the plaintiff. *Sameric*,

142 F.3d at 599 (*citing De Botton v. Marple Twp.*, 689 F. Supp. 477, 480 (E.D. Pa.

1988)); *see also Large v. County of Montgomery*, 307 F. App'x 606, 606 (3d Cir.

2009).  As a result, "a claim accrues as soon as a potential plaintiff either is aware,

or should be aware after a sufficient degree of diligence, of the existence and source

of an actual  injury. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005)

(*citing Keystone Insurance Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.1988));

*see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009).

Thus, "a cause of action accrues when the fact of injury and its connection to

the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*,

827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x 182 (3d Cir. 2012); *see*

*also Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (*citing*

*Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982) (per curiam) (federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)).

Here, as the Complaint clearly states, the events of which Plaintiff complains occurred on May 22, 2023 and that date is the nexus from which Plaintiff alleges he was wrongfully detained, arrested and subjected to alleged civil rights and other abuse.  It is also plain that Plaintiff filed the within Complaint on June 25, 2025 – more than two years after the event.  As such, all of Plaintiff's § 1983 causes of action are barred as a matter of law.

Therefore, as presented, the Complaint fails to allege any facts to support Plaintiff's conclusory allegations.  As such, Plaintiff has failed to state a claim for relief against Defendants and, as such, his claims against Defendants should be dismissed with prejudice pursuant to *Fed R. Civ. P.* 12(b)(6).

## POINT II

### PLAINTIFF DOES NOT SUFFICIENTLY ALLEGE FACTS SHOWING INJURY TO BUSINESS OR PROPERTY OR OTHER REQUIRED ELEMENTS TO SUPPORT A RICO CLAIM AND THE FIRST CAUSE OF ACTION MUST BE DISMISSED

Plaintiff's First Cause of Action asserts a civil RICO claim against Defendants pursuant to 18 U.S.C. §§ 1961-68. The RICO claim fails under *Fed. R. Civ. P.* 12(b)(6) because Plaintiff pleads no injury to business or property. The only injury sufficiently alleged is personal injury arising from an arrest and subsequent prosecution. Civil RICO requires a concrete economic loss. Personal injury, reputational harm, false arrest, and abuse of process are not cognizable RICO injuries. Further, Plaintiff fails to allege with the specificity required the existence of a RICO enterprise and the element of predicate acts that Defendants allegedly engaged in. Thus, the RICO cause of action contained in Count One of the Complaint lacks the required elements and should be dismissed with prejudice.

Complaints containing RICO claims must be carefully scrutinized to ensure that they are not based on mere bald assertions or unsubstantiated conclusions. *Nationwide Mut. Ins. Co. v. Perez*, 52 F. Supp. 2d 297, 299 (D.P.R. 1999). "In cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). As with fraud claims, courts impose heightened pleading standards to protect defendants

10

from irreparable damage to reputation that can result from lightly claims of racketeering. *Plount v. Am. Home. Assur. Co.*, 668 F. Supp. 204, 206 (S.D.N.Y. 1987). This solicitude of defendants' good names has led courts to require RICO elements to be pled with specificity. *Id*. see also *Id*. at 207 ("it would make little sense to require that elements of fraudulent predicate acts be pled with particularity while allowing overarching RICO claim—with far greater capacity for reputational damages—to be alleged generally"). "Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device … it would be unjust if a RICO plaintiff could defeat a motion to dismiss simply by asserting an inequity attributable to a defendant's conduct and tacking on the self-serving conclusion that the conduct amounted to racketeering." *Id*. *See also*, *Goldfine v. Sichenzia*, 118 F. Supp. 2d. 392, 397 (S.D.N.Y. 2000).

To recover under the RICO statute, a plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Liberty Bell Bank v. Rogers*, 726 F. App'x 147, 151 (3d Cir. 2018) (citing *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). A "pattern of racketeering activity" requires commission of at least two predicate offenses on a specified list. *Kehr Packages, Inc., v. Fidelcor, Inc.*, 926 F.2d 1406, 1411-12 (3d Cir. 1991). "To establish a RICO pattern, it must also be shown that the predicates themselves amount to, or that they

otherwise constitute a threat of, continuing racketeering activity." *H.J. Inc. v. Nw. Bell. Tel. Co.*, 492 U.S. 229, 240 (1989).

Plaintiff's Complaint pleads only conclusory facts that cannot sustain a viable RICO claim against Defendants.  First, the Complaint alleges only personal injury flowing from an arrest and prosecution, not any concrete injury to business or property. Second, it pleads no distinct enterprise with a coherent structure or purpose, just an undifferentiated list of actors and conclusory "conspiracy" labels. Finally, it identifies no qualifying predicate acts with the requisite specifics: no particularized showing of who, what, when, where, or how any RICO acts occurred, and thus, no pattern.  Without these elements, Plaintiff's RICO claim fails, and Count One of the Complaint must be dismissed with prejudice.

## POINT III

### THE FIFTEENTH CAUSE OF ACTION ALLEGING VIOLATION OF 18 *U.S.C.* § 1343 AS A CRIMINAL STATUTE WITH NO INDEPENDENT PRIVATE RIGHT OF ACTION MUST BE DISMISSED

The Court should dismiss the Fifteen Cause of Action of Plaintiff's Complaint with prejudice as this claim alleges wire fraud in violation of 18 *U.S.C.* §1343.  In order for Plaintiff to allege a claim under a federal statute, the statute must provide for a private right of action. See Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) ("As we recently have emphasized, 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause

of action in favor of that person.'") (*citing Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)).  18 *U.S.C.* §1343 is a criminal statute that creates no private right of action.  Federal Courts uniformly reject attempts – like the one here – to plead an independent civil claim under §1343. No amendment can convert the statute into a private cause of action, and thus, dismissal with prejudice is warranted.

There can be no dispute that §1343 is a federal criminal statute. *See* 18 *U.S.C.* §1343; *see also*, *Williamson v. Michals*, 2013 WL 4509976, at 2 (D.N.J. Aug. 23, 2013). The statute does not provide Plaintiff with a private cause of action. *Id*. (citing *Jones v. TD Bank*, 468 Fed. Appx. 93, 94 (3d Cir. 2012) ("To the extent that Jones attempted to sue under the Federal Mail Fraud statute, 18 *U.S.C.* §1341, he lacked a private right of action to do so."); *Addlespurger v. Corbett*, 461 F. Appx. 82 (3d Cir. 2012) ("[T]here is no private cause of action for a violation of the federal mail and wire fraud statutes"); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("We hold, therefore, that the district court correctly dismissed the Wisdoms' claims based on a private right of action under 18 *U.S.C.* §§ 1341, 1343" inasmuch as there is no private right of action under the foregoing criminal statutes). Courts uniformly reject such attempts by private actors to sue under this statute. *See*, *e.g.*, *Shahin v. Del. Fed. Credit Union*, 602 F. App'x 50, 53 n.3 (3d Cir. 2015) ("Federal criminal statutes, such as 18 *U.S.C.* §1341, do not provide a private

13

cause of action."); *Obianyo v. Tennessee*, 518 F. App'x 71, 72 (3d Cir. 2013) ("criminal statutes such as 18 *U.S.C.* §1343, which criminalizes wire fraud . . . provide no private right of action") .

As no private right of action exists under §1343, and as Plaintiff is a private actor, Count Fifteen should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint should be granted, and all claims against these Defendants should be dismissed with prejudice.

Respectfully Submitted,

**KAUFMAN DOLOWICH, LLP**
*Attorneys for Defendants,*
*August Santore, August N. Santore,*
*P.C., and Thomas Dooley*

/s/ Robert A. Berns
Robert A. Berns, Esq.
Adam J. Casner, Esq.

Dated: August 25, 2025